# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HEFFLEFINGER, et al.,<br><br>　　　　Defendants. | 1:13cv00231 LJO DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(Document 44) |

　　　　Plaintiff Luis V. Rodriguez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  This action is proceeding on the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendants Anderson, Hefflefinger, Badger, McAllister, Tredwell, Sheldon, Speidell, Duncan, Lovofoy and Huerta; (2) violation of the Eighth Amendment against Defendant Lovofoy; and (3) violation of the Eighth Amendment against Defendants Hefflefinger and Lovofoy based on conditions of confinement.

　　　　The Court issued a Discovery and Scheduling Order on August 18, 2015.  Pursuant to the order, the parties were to exchange initial disclosures by September 28, 2015.  On September 28, 2015, the Court received a notice from Defendants that they had complied with the disclosure requirement.

　　　　Also on September 28, 2015, Plaintiff filed a request for a sixty-day extension of time to provide Defendants with his initial disclosures.  The Court deems the matter suitable for decision pursuant to Local Rule 230(l).

## DISCUSSION

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." Johnson, 975 F.2d at 609.

Plaintiff seeks an extension because, at the time of his motion, he indicated that he had not been granted access to his legal files. Given the nature of Plaintiff's allegations, the Court ordered Defendants to provide a status report, which they submitted on October 28, 2015.

The Court is satisfied that Plaintiff is not being prohibited from accessing his legal files. Indeed, in an October 9, 2015, supplemental declaration, Plaintiff indicates that he has recently gained access to his legal files. ECF No. 47, at 3. However, he states that he still needs additional time to comply because he needs time to pull and copy documents, and he is trying to litigate another action.

For good cause, the Court GRANTS Plaintiff's motion. As thirty days have already passed since the September 28, 2015, disclosure deadline, the Court will **grant an additional thirty days, until November 28, 2015, to provide Defendants with his initial disclosures**. At this time, the Court will not extend any other deadlines.

IT IS SO ORDERED.

Dated:   **November 3, 2015**              /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE