UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>JACK HEFFLEFINGER, et al.,<br><br>Defendants. | No. 1:13-cv-00231-DAD-GSA<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND REQUIRING DEFENDANTS TO SUBMIT PROOF OF SERVICE<br><br>(Doc. No. 70) |

Plaintiff was a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

A notice of plaintiff's death was placed on the court's record by his wife, Caroline Grenot, on April 25, 2016, in which Ms. Grenot requested information regarding continuation of the suit on behalf of plaintiff's estate. (Doc. No. 67.) On May 4, 2016, defendants filed a notice of plaintiff's death with the court, representing that a "copy of this notice is being served on C. Grenot, D. Rodriguez and A. Garcia in accordance with Rule 25(a)(3) of the Federal Rules of Civil Procedure." (Doc. No. 66 at 2.) The individuals identified by defendants in the notice filed with the court are, respectively, plaintiff's wife (Caroline Grenot), his brother (D. Rodriguez), and his daughter (A. Garcia). (*See id.*) On August 11, 2016, the assigned magistrate judge ordered defendants to provide evidence that they had properly served these individuals with the notice.

1

1 (Doc. No. 68.) Defendants responded on August 16, 2016 with evidence that A. Garcia had been
2 served on May 7, 2016, but reported that service was not effected on either C. Grenot or D.
3 Rodriguez. (Doc. No. 69.) On August 17, 2016, the magistrate judge issued findings and
4 recommendations recommending the matter be dismissed pursuant to Rule 25(a)(1). (Doc. No.
5 70.)

6   Rule 25(a)(1) provides for the dismissal of an action if a motion for substitution is not
7 made within ninety days after service of a statement noting plaintiff's death. Fed. R. Civ. P.
8 25(a)(1). Two things are required for the running of the ninety-day period to commence: a party
9 must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death
10 on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231,
11 233 (9th Cir. 1994). A party may be served with the suggestion of death by service on his or her
12 attorney as provided for in Rule 5, while non-party successors or representatives of the deceased
13 party must be served the suggestion of death in the manner provided for in Rule 4 for the service
14 of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.

15   Rule 4 states a summons may be served either by "following state law for serving a
16 summons in an action brought in courts of general jurisdiction in the state where the district court
17 is located or where service is made," or by doing any of the following: (1) "delivering a copy of
18 the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the
19 individual's dwelling or usual place of abode with someone of suitable age and discretion who
20 resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law
21 to receive service of process." Fed. R. Civ. P. 4(e). In California, service of a summons may be
22 effected by personal delivery, California Civil Procedure Code § 415.10, by leaving a copy of the
23 summons at an office or residence with an appropriate person and thereafter mailing another copy
24 to the same individual at the same address, § 415.20, by mail, § 415.30, or by publication,
25 § 415.50. Additionally, failing these methods, a court in California may order a summons be
26 served "in a manner which is reasonably calculated to give actual notice to the party to be
27 served." Cal. Civ. P. Code § 413.30.
28 /////

2

1        Here, defendants filed a formal notice of plaintiff's death with the court on May 4, 2016.
(Doc. No. 66.) Defendants have produced evidence that plaintiff's daughter, Amelia Garcia, was served by personal delivery on May 7, 2016. (Doc. No. 69.) However, the evidence defendants supplied to the court establishes that while personal delivery of the notice was attempted by defendants on plaintiff's wife, Caroline Grenot, and plaintiff's brother, David Rodriguez, neither were located at their respective addresses, and therefore, neither was served with notice. (Doc. No. 69.) Moreover, the documents submitted by defendants do not indicate any other attempts were made to serve either Ms. Grenot or Mr. Rodriguez, both of whom defendants represent to be non-party successors or representatives, by means other than personal delivery. The court views this evidence as being contrary to defendants' representations that a copy of the notice was being served on all three of these individuals. (*See* Doc. No. 66.)

        The court previously ordered defendants to supplement their notice with evidence of proper service. (Doc. No. 68.) Instead, defendants supplemented with evidence that they had served only one of the individuals indicated, along with evidence that they had, in fact, failed to serve the other individuals. (Doc. No. 69.) As such, defendants have failed to comply with this court's prior order or with Rule 25(a)(3) in a manner that would allow the ninety-day period in which plaintiff's successors may seek substitution to start running. *See Barlow*, 39 F.3d at 233.

        If defendants are unable to effect personal service, despite repeated attempts, they may complete service via alternate means, as identified above. If none of the means of completing service specifically listed can be completed by defendants here, the Federal Rules of Civil Procedure incorporate a California statute which allows for the court to order service in any manner reasonably calculated to give actual notice to the person being served. *See* Fed. R. Civ. P. 4(e); Cal. Civ. P. Code § 413.30. Defendants may seek leave from the court to effectuate service in such a manner if they show they are unable to complete service in one of the ways set forth in the appropriate rules and state statutes identified above. Here, it is clear Ms. Grenot is actually aware of this lawsuit because she submitted a notice of death to the court and inquired about the continuation of the litigation following her husband's death. (Doc. No. 67.) Given that defendants' notice of death would advise Ms. Grenot of the time period in which she may file a

motion for substitution and she has indicated an interest in doing so, it is particularly important that service of the notice actually be *effected*, not merely attempted.

For the reasons set forth above, defendants are HEREBY ORDERED to supplement their previously filed notice with evidence of proper service upon both Caroline Grenot and David Rodriguez within twenty-one (21) days from the date of service of this order. The court declines to adopt the findings and recommendations recommending that this action be dismissed pursuant to Rule 25(A)(1).

IT IS SO ORDERED.

Dated: **November 2, 2016**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE