# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RODRIGUEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>HEFFLEFINGER, et al.,<br><br>            Defendants. | 1:13-cv-00231-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR AUTHORITY TO SERVE NOTICE OF DEATH BY PUBLICATION**<br>**(ECF. No. 74.)** |

**I.    PROCEDURAL HISTORY**

Luis Rodriguez ("Plaintiff") was a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 14, 2013. (ECF No. 1.) The case now proceeds with Plaintiff's Second Amended Complaint filed on July 14, 2014, on the following cognizable claims: (1) retaliation in violation of the First Amendment against defendants Anderson, Hefflefinger, Badger, McAllister, Tredwell, Sheldon, Speidell, Duncan, Lovofoy, and Huerta; (2) violation of the Eighth Amendment against defendant Lovofoy for inadequate medical care; and (3) violation of the Eighth Amendment against defendants Hefflefinger and Lovofoy based on conditions of confinement. (ECF No. 25.)

## II. BACKGROUND

A notice of Plaintiff's death was placed on the court's record by his wife, Caroline Grenot, on April 25, 2016, in which Ms. Grenot requested information regarding continuation of the suit on behalf of plaintiff's estate. (ECF No. 67.) On May 4, 2016, defendants filed a formal notice of Plaintiff's death with the court. (ECF No. 66.) Defendants produced evidence that Plaintiff's daughter, Amelia Garcia, was served by personal delivery on May 7, 2016. (ECF No. 69.) However, the evidence defendants supplied to the court established that while personal delivery of the notice was attempted by defendants on Plaintiff's wife, Caroline Gremot, and plaintiff's brother, David Rodriguez, neither were located at their respective addresses, and therefore, neither was served with notice. (ECF No. 69.) Moreover, the documents submitted by defendants did not indicate that any other attempts were made to serve either Ms. Grenot or Mr. Rodriguez, both of whom defendants represented to be non-party successors or representatives, by means other than personal delivery.

On November 3, 2016, the Court ordered defendants to supplement their previously filed notice with evidence of proper service upon both Caroline Grenot and David Rodriguez within twenty-one days. (ECF No. 72.) On November 7, 2016, defendants filed a proof of service for Plaintiff's widow, C. Grenot, showing that she was personally served with the Notice of Death on September 14, 2016. (ECF No. 73.)

On November 22, 2016, Defendants filed a motion for an order permitting service of Notice of Death of Plaintiff upon David Rodriguez by publication. (ECF No. 74.) No opposition has been filed.

## III. RULE 25(a)(1) – SUBSTITUTION OF PARTIES

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action if a motion for substitution is not made within ninety days after service of a statement noting plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required for the running of the ninety-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. <u>Barlow v. Ground</u>, 39 F.3d 231, 233 (9th Cir. 1994.) A party may be served

with the suggestion of death by service on his or her attorney as provided for in Rule 5, and non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided for in Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); Barlow, 39 F.3d at 232-34.

Rule 4 states a summons may be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). In California, service of a summons may be effected by personal delivery, California Code of Civil Procedure § 415.10, by leaving a copy of the summons at an office or residence with an appropriate person and thereafter mailing another copy to the same individual at the same address, § 415.20, by mail, § 415.30, or by publication, § 415.50. Additionally, failing these methods, a court in California may order a summons be served "in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Code Civ. Proc., § 413.30.

California Code of Civil Procedure § 415.50(a) provides that a party may, by court order, serve a summons by publication if the party to be served "cannot with reasonable diligence be served in another manner" and if one of the following is true: (1) "[a] cause of action exists against the party upon whom service is the be made or he or she is a necessary or proper party to the action"; (2) "[t]he party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court . . ." An order for publication must direct publication of the summons in a newspaper in California "that is most likely to give actual notice to the party to be served." Id. at § 415.50(b).

### III. DISCUSSION

Defendants move for an order permitting service of the Notice of Death of Plaintiff by publication in the Los Angeles Times under California Code of Civil Procedure § 415.50.

Defendants assert that D. Rodriguez, brother of the deceased Plaintiff, is an individual whom defendants believe to be most recently domiciled in Los Angeles County. Defendants have been unable to locate or contact D. Rodriguez and therefore cannot serve him with the Notice of Death directly.

Defendants argue that D. Rodriguez, Plaintiff's brother, is not a necessary or proper party to this § 1983 action because he is not a successor to Plaintiff's claim whom Defendants were required to serve. Fed. R. Civ. P. 25(a)(1). Nevertheless, to comply with the court's order to serve D. Rodriguez, Defendants request an order permitting them to serve the Notice of Death of Plaintiff by publication in the Los Angeles Times.

Defendants have shown that they diligently attempted to locate and serve D. Rodriguez, without success. Therefore, the Court finds good cause to authorize defendants to serve D. Rodriguez with the Notice of Death of Plaintiff by publication in the Los Angeles Times. Further, the Court shall deem publication of the Notice of Death in a California newspaper necessary in light of D. Rodriguez's last known addresses in Los Angeles County.

**IV.  CONCLUSION**

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Defendants are authorized to serve D. Rodriguez with the Notice of Death of Plaintiff by publication in the Los Angeles Times, a newspaper published in the State of California, at Los Angeles, California, which is hereby designated as the newspaper most likely to give actual notice to D. Rodriguez, and that publication be made once a week for four weeks;

2. It is further ordered that if the address of D. Rodriguez be ascertained prior to the expiration of the time for publication of the Notice of Death, that a copy of the Notice of Death be forthwith served upon D. Rodriguez in the manner provided for in Rule 4 for the service of a summons; and

///

///

///

3.     The Court deems publication of the Notice of Death in a California newspaper necessary in light of D. Rodriguez's last known addresses in Los Angeles County.

IT IS SO ORDERED.

   Dated:   **January 18, 2017**               **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE