UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RODRIGUEZ, | 1:13-cv-00231-DAD-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION |
| vs. | (ECF No. 76.) |
| HEFFLEFINGER, et al., | |
| Defendants. | |

Luis Rodriguez ("Plaintiff"), a state prisoner proceeding pro se, filed the complaint commencing this action on February 14, 2013, as a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The case now proceeds with Plaintiff's Second Amended Complaint filed on July 14, 2014, on the following cognizable claims: (1) retaliation in violation of the First Amendment against defendants Anderson, Hefflefinger, Badger, McAllister, Tredwell, Sheldon, Speidell, Duncan, Lovofoy, and Huerta; (2) violation of the Eighth Amendment against defendant Lovofoy for inadequate medical care; and (3) violation of the Eighth Amendment against defendants Hefflefinger and Lovofoy based on conditions of confinement. (ECF No. 25.)

**I.    BACKGROUND**

A notice of Plaintiff's death was placed on the court's record by his wife, Caroline Grenot, on April 25, 2016, in which Ms. Grenot requested information regarding continuation

of the suit on behalf of Plaintiff's estate.  (ECF No. 67.)  On May 4, 2016, Defendants filed a formal notice of Plaintiff's death with the court.  (ECF No. 66.)  Defendants produced evidence that Plaintiff's daughter, Amelia Garcia, was served by personal delivery on May 7, 2016.  (ECF No. 69.)  However, Defendants' evidence established that while personal delivery of the notice was attempted upon Plaintiff's wife, Caroline Grenot, and Plaintiff's brother, David Rodriguez, neither of them were located at their respective addresses, and therefore, neither of them were served with notice.  (ECF No. 69.)  Moreover, the documents submitted by Defendants did not indicate that any other attempts were made to serve either Ms. Grenot or Mr. Rodriguez, both of whom Defendants represented to be non-party successors or representatives, by means other than personal delivery.

On November 3, 2016, the Court ordered Defendants to supplement their previously filed notice with evidence of proper service upon both Caroline Grenot and David Rodriguez within twenty-one days.  (ECF No. 72.)  On November 7, 2016, Defendants filed a proof of service on Plaintiff's widow, C. Grenot, showing that she was personally served with the Notice of Death on September 14, 2016.  (ECF No. 73.)

On November 22, 2016, Defendants filed a motion for an order permitting service of the Notice of Death of Plaintiff upon David Rodriguez by publication.  (ECF No. 74.)  On January 18, 2017, the court issued an order granting Defendants' motion, authorizing Defendants to serve D. Rodriguez with the Notice of Death of Plaintiff by publication in the <u>Los Angeles Times</u>, with publication to be made once a week for four weeks.  (ECF No. 75.)

On January 31, 2017, Defendants filed a motion for reconsideration of the court's January 18, 2017, order.[1]  (ECF No. 76, 77.)  No opposition has been filed.  The motion for reconsideration is now before the court.  (Local Rule 230(*l*).

///

///

---

[1] Defendants also filed a request for judicial notice on January 31, 2017.  (ECF No. 77.)  The Court does not require evidence of the documents submitted for judicial notice to resolve the motion for reconsideration.  Therefore, Defendants' request for judicial notice is denied as moot.

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### A. **Defendants' Motion**

Defendants move for reconsideration of the court's order issued on January 18, 2017, in which the court authorized Defendants to serve notice of Plaintiff's death upon Plaintiff's

brother, D. Rodriguez, by publication, on the grounds that all necessary parties have already been personally served and the costs of publication would be wasteful and unnecessary under the circumstances. In the alternative, Defendants request an order approving publication of a shortened version of the notice of death, to decrease Defendants' cost of compliance with the order.

Defendants submit the following background facts:

On or about April 14, 2016, Defendants received notice that Plaintiff died during the pendency of this litigation. (ECF No. 67.) After learning the names and possible locations of Plaintiff's possible successors or representatives, Defendants filed a Notice of Death of Plaintiff with the Court on May 4, 2016. (ECF No. 66.) That same day, Defendants sent out the Notice of Death to be served. However, due to an oversight, counsel for Defendants did not immediately file the proof of service for A. Garcia, and the declarations of non-service for C. Grenot and D. Rodriguez, with the Court after serving the notice. (ECF No. 69.)

On August 11, 2016, the Magistrate Judge issued an Order requiring Defendants to supplement their Notice of Death of Plaintiff with proofs of service. (ECF No. 68.) On August 16, 2016, in response to that Order, Defendants filed with the Court a proof of service for Plaintiff's daughter, A. Garcia, showing that she was served personally on May 7, 2016. (ECF No. 69 at 6.) Defendants also filed with the Court Declarations of Non-Service for Plaintiff's wife, C. Grenot, and his brother, D. Rodriguez. (ECF No. 69 at 4-5.) To date, A. Garcia has not filed a motion for substitution, or any other document with the Court, evidencing her intention to substitute into this case.

The day after Defendants filed the proof of service for A. Garcia, and declarations of non-service for C. Grenot, and D. Rodriguez, the Magistrate Judge issued Findings and Recommendations dismissing Plaintiff's claims. (ECF No. 70.) On November 3, 2016, the District Judge declined to adopt the

Findings and Recommendations and ordered Defendants to provide proofs of service for C. Grenot and D. Rodriguez. (ECF No. 72.) The Court also ordered substituted service, one method which was service by publication. (Id.)

On November 7, 2016, counsel for Defendants filed a Declaration along with the proof of service for Plaintiff's wife, C. Grenot, showing that she was personally served with the Notice of Death on September 14, 2016. (ECF No. 73.) Counsel for Defendants also notified the Court that D. Rodriguez, Plaintiff's brother, is not a necessary or proper party to this section 1983 action because he is not a successor to Plaintiff's claims whom Defendants were required to serve. Fed. R. Civ. P. 25(a)(1); See Cal Code Civ. Proc. § 377.3; Cal. Prob. Code §§ 6401, 6402.

Defendants notified the Court that they had been unable to locate D. Rodriguez after a diligent search and sending a process server to his last known addresses. (Id.) Defendants were informed through the process server that the address for D. Rodriguez's last known personal residence was no longer valid because he sold the home more than fifteen years ago. (Id.) Defendants also learned that D. Rodriguez's last known business address was no longer valid because the business no longer exists. (Id.)

However, to comply with the Court's Order to serve D. Rodriguez, Defendants also moved for an Order authorizing them to serve the Notice of Death of Plaintiff by publication in the Los Angeles Times if the Court so required. (ECF No. 74.)

The Magistrate Judge granted Defendants' motion for service by publication and ordered publication for four weeks, one day per week. (ECF No. 75.) On January 19, 2017, counsel for Defendants contacted a Legal Advertising Representative with the Los Angeles Times for a cost estimate for serving the Notice of Death via publication. (Walker, Decl. ¶¶ 2-3.) That same day, the Legal Advertising Representative at the Los Angeles Times provided

counsel for Defendants with a sample and an invoice for $8,357.68 including the costs to publish the Notice of Death once a week for four weeks. (Walker, Decl. ¶ 3, Ex. 1.) On January 20, 2017, counsel for Defendants contacted the Legal Advertising Representative and requested a price quote on a shortened version of the Notice of Death. (Walker, Decl. ¶ 4, Ex. 2.) The price quote for the shortened version of the Notice of Death was $1,836.24 to publish once a week for four weeks. (Id.)

Defendants argue that they were not required under Rule 25(a)(1) to serve Plaintiff's brother, D. Rodriguez, with the Notice of Death, because he is not a successor to Plaintiff's claims whom Defendants were required to serve. Defendants also argue that under California law, Plaintiff's wife, not her brother, would be the successor to Plaintiff's § 1983 claims.

Defendants also argue that serving an unnecessary party, D. Rodriguez, by publication would require them to incur significant costs with no benefit to Plaintiff's potential successors to his claims.

**B.      Discussion**

Defendants have set forth facts of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Defendants' motion for reconsideration shall be granted.

Defendants have provided evidence that they complied with the requirements of Rule 21(a)(1) to (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. Fed R. Civ. P. 21(a)(1). Defendants have submitted proof that on September 14, 2016, they personally served Plaintiff's wife, C. Grenot, with the notice of Plaintiff's death. (ECF No. 73.)

The court concurs that under California law, Plaintiff's wife is the successor in interest to Plaintiff's claims in this § 1983 action. See Cal. Code Civ. Proc. § 377.30 (Under California law, Plaintiff's 1983 claim survives his death and "passes to [his] successor in interest."); Cal. Prob. Code § 6401 (Under the rule of California's intestate succession, a surviving spouse receives all community property and one-half of separate property); Cal. Prob. Code § 6402 (The remaining part of the estate passes first to decedent's children. Only if the decedent has

no surviving children or parents does the estate pass to decedent's siblings.) Therefore, Defendants have complied with the requirements of Rule 25(a)(1) to serve the Notice of Death.

Accordingly, Defendants' motion for reconsideration shall be granted.

### III. CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for reconsideration, filed on January 31, 2017, is GRANTED, therefore, Defendants are relieved of the Court's prior order directing Defendants to serve notice by substituted service upon D. Rodriquez.

IT IS SO ORDERED.

Dated:   **February 28, 2017**               **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE