UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALENZUELA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>JACK HEFFLEFINGER, et al.,<br><br>Defendants. | No. 1:13-cv-00231-DAD-GSA<br><br><br>ORDER DISMISSING CASE PURSUANT TO RULE 25 |

Plaintiff Luis Rodriguez, a state prisoner proceeding *pro se*, filed the complaint commencing this action on February 14, 2013, as a civil rights action pursuant to 42 U.S.C. § 1983. (Doc No. 1.) On May 4, 2016, defendants filed a notice of plaintiff's death on the record. (Doc. No. 66.)

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action if a motion for substitution is not made within ninety days after service of a statement noting plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required for the running of the ninety-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). A party may be served with the suggestion of death by service on his or her attorney as provided for in Rule 5, and non-party successors or representatives of the deceased party must be served the suggestion of death

1

in the manner provided for in Rule 4 for the service of a summons.  Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.

Rule 4 of the Federal Rules of Civil Procedure states that a summons may be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).

On May 4, 2016, defendants filed a notice of plaintiff's death and represented in the notice that they served members of plaintiff's family in compliance with Federal Rules of Civil Procedure 4 and 25(a)(1).  (Doc. No. 66.)  However, defendants' notice was not accompanied by any supporting evidence.  Therefore, on August 11, 2016, the assigned magistrate judge ordered defendants to supplement the notice with evidence of proper service.  (Doc. No. 68.)  On August 16, 2016, defendants supplied evidence that A. Garcia, plaintiff's daughter, was served on May 7, 2016, but that service was not effected on either Caroline Grenot, plaintiff's widow, or David Rodriguez, plaintiff's brother.  (Doc. No. 69.)  On August 17, 2016, the assigned magistrate judge issued findings and recommendations recommending the matter nonetheless be dismissed pursuant to Rule 25(a)(1).  (Doc. No. 70.)  On November 3, 2016, the undersigned declined to adopt those findings and recommendations and ordered defendants to supplement their notice with evidence of proper service upon both Caroline Grenot and David Rodriguez within twenty-one days.  (Doc. No. 72.)

On November 7, 2016, defendants filed a proof of service of the notice upon Caroline Grenot, showing that she was personally served with the notice on September 14, 2016.  (Doc. No. 73.)  On November 22, 2016, after defendants made diligent but unsuccessful efforts to locate and serve David Rodriguez with the notice, defendants filed a motion for an order permitting service of the notice upon David Rodriguez by publication, which was granted on January 18,

2017. (Doc. Nos. 74, 75.) Shortly thereafter, on January 31, 2017, defendants filed a motion for reconsideration of the court's January 18, 2017 order on the grounds that all necessary parties had already been personally served and the costs of publication would be wasteful and unnecessary under the circumstances. (Doc. No. 76.) In the alternative, defendants requested an order approving publication of a shortened version of the notice, in order to reduce defendants' cost of compliance with the court's order. (*Id.*)

On February 28, 2017, the assigned magistrate judge granted the motion for reconsideration, relieving defendants of the court's prior order directing them to serve notice by substituted service upon David Rodriquez. (Doc. No. 78.) In that order, the magistrate judge found that defendants had complied with the requirements of Rule 25(a)(1) to serve the notice and were not required to serve David Rodriguez, as he was not a successor-in-interest under California law. (*Id.*)

Here, plaintiff's death was suggested upon the record more than ninety days ago, on May 4, 2016, when defendants filed a notice of plaintiff's death. (Doc. No. 66.) Based on the facts recited above, the undersigned finds that defendants have complied with the requirements of Rule 25(a)(1) to serve the notice. Fed. R. Civ. P. 25(a)(1). No motion for substitution has been made. Therefore, this action will be dismissed pursuant to Rule 25(a)(1).

Given the foregoing:

1. This case is dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1);

2. All pending motions (see Doc. No. 55[1]) are denied as moot; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 3, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] The findings and recommendations (Doc. No. 65) regarding defendants' motion for summary judgment have also been rendered moot by this order.

3